# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, CDCR #H-16258<br><br>Plaintiff,<br><br>vs.<br><br>E. PICKETT, et al.,<br><br>Defendants. | Case No.: 3:20-cv-0449-AJB-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Raymond Alford Bradford, ("Plaintiff"), a prisoner proceeding pro se, has filed a "Motion to Proceed In Forma Pauperis." (ECF No. 9.)

## I. Procedural History

On March 9, 2020, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants used excessive force against him, in violation of his Eighth Amendment rights. (*See* Compl., ECF No. 1.) On March 23, 2020, the Court dismissed the action without prejudice because Plaintiff failed to pay the civil filing and administrative fee and/or failed to submit a motion to proceed in forma pauperis ("IFP"). (*See* Order, ECF No. 2.) The Court gave Plaintiff 30 days to either pay the $400 filing
///

1

fee[1] or file a motion to proceed IFP. (*See id.* at 2.) Plaintiff did not submit a response.

On January 25, 2021, the Court issued an order entering judgment and closing the case for failure to satisfy the filing fee or move IFP. (*See* ECF Nos. 4 & 5.) On February 16, 2021, Plaintiff filed a "Motion for Reconsideration of Order to Close Case for Failure to Pay the Filing Fee," citing Rule 60(b)(6). (Pla.'s Mot. Recons., ECF No. 7 at 1.) On May 18, 2021, the Court granted Plaintiff's Motion for Reconsideration and gave him an additional 30 days to submit the filing fee or a motion to proceed in forma pauperis. (ECF No. 8.) On June 8, 2021, Plaintiff filed a Motion to Proceed in Forma Pauperis. (ECF No. 9.)

## II. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

---

[1] On December 1, 2020, the filing fee associated with civil actions was raised from $400 to $402. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). Because Plaintiff filed his Complaint on March 9, 2020, the new filing fee does not apply here.

2

Thus, prisoners seeking leave to proceed IFP must submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Bradford has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he did not attach a certified copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement Report for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without his certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

For this reason, **IT IS ORDERED** that:

(1) Bradford's Motion to Proceed IFP (Doc. No. 9) is **DENIED** and the action remains **DISMISSED** without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2) Bradford is **GRANTED** thirty (30) days from the date of this Order in which to re-open his case by either: (1) paying the entire $400 statutory and administrative

filing fee in one lump-sum, or (2) filing a renewed Motion to Proceed IFP, which includes a prison certificate and/or a certified copy of his CDCR Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

(3) The Clerk of the Court is **DIRECTED** to provide Bradford with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. But if Plaintiff neither pays the $400 filing fee in full, nor sufficiently completes and files a renewed Motion to Proceed IFP, together with a certified copy of his 6-month trust account statements within 30 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.

**IT IS SO ORDERED**.

Dated: June 25, 2021

Hon. Anthony J. Battaglia
United States District Judge