UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, CDCR #H-16258<br><br>Plaintiff,<br><br>vs.<br><br>E. PICKETT, et al.,<br><br>Defendants. | Case No.: 3:20-cv-0449-AJB-MSB<br><br>**ORDER DISMISSING PLAINTIFF'S "OBJECTIONS" AND DENYING MOTION TO COMPEL**<br><br>**[ECF No. 17]** |

Raymond Alford Bradford, ("Plaintiff"), a prisoner proceeding pro se, has filed a "Objections" to this Court's July 27, 2021 Order denying his Motion to Proceed In Forma Pauperis on appeal. ECF No. 17.

**I.    PROCEDURAL HISTORY**

On March 9, 2020, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants used excessive force against him, in violation of his Eighth Amendment rights. *See* Compl., ECF No. 1. On March 23, 2020, the Court dismissed the action without prejudice because Plaintiff failed to pay the civil filing and administrative fee and/or failed to submit a motion to proceed in forma pauperis ("IFP"). *See* Order,

ECF No. 2. The Court gave Plaintiff 30 days to either pay the $400[1] filing fee or file a motion to proceed IFP. *See id.* at 2. Plaintiff did not submit a response.

On January 25, 2021, the Court issued an order entering judgment and closing the case for failure to satisfy the filing fee or move IFP. *See* ECF Nos. 4 & 5. On February 16, 2021, Plaintiff filed a "Motion for Reconsideration of Order to Close Case for Failure to Pay the Filing Fee," citing Rule 60(b)(6). Pla.'s Mot. Recons., ECF No. 7 at 1. On May 18, 2021, the Court granted Plaintiff's Motion for Reconsideration and gave him an additional 30 days to submit the filing fee or a motion to proceed in forma pauperis. ECF No. 8.

On June 8, 2021, Plaintiff filed a Motion to Proceed in Forma Pauperis. ECF No. 9. On June 25, 2021, the Court denied Plaintiff's request to proceed in forma pauperis because he failed to submit a certified copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Trust Account Statement. ECF No. 10 (citing 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2). Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall submit* a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). The Court gave Plaintiff an additional 30 days to submit a copy of his Trust Account Statement or pay the filing fee. ECF No. 10 at 4.

On July 21, 2021, Plaintiff filed a Notice of Appeal (ECF No. 11), accompanied by a Motion to Proceed in Forma Pauperis. ECF No. 12. The Court denied Plaintiff's motion on July 27, 2021. ECF. No. 13.

/ / /

/ / /

---

[1] On December 1, 2020, the filing fee associated with civil actions was raised from $400 to $402. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). Because Plaintiff filed his Complaint on March 9, 2020, the new filing fee does not apply here.

## II. PLAINTIFF'S "OBJECTIONS"

Plaintiff has filed "Objections" to the Court's Order denying his most recent IFP motion. In his "Objections," Plaintiff explicitly states that he does "not [seek] reconsideration but, rather Plaintiff [is] preserving his right and record for an appeal." Obj., ECF No. 17 at 1. There is no procedure by with to "object" to a final order by the District Court. While parties may object to a United States Magistrate Judge's "proposed findings and recommendations," there is no such procedure for objecting to an order issued by a United States District Judge. *See* 28 U.S.C. § 636(b)(1)(C) (stating "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court"). Therefore, Plaintiff's objections are dismissed.

## III. MOTION TO COMPEL

Plaintiff also seeks a court order compelling an unnamed prison trust account official, who is not named as a party to this action, to provide the certified trust account statement required by 28 U.S.C. Section 1915(a)(2). ECF No. 17 at 2–3. Plaintiff attaches a copy of a 602 Grievance form, submitted on June 6, 2021, in which he alleged a prison staff member "stole" his legal mail,[2] including a copy of his certified trust account statement. *Id.* at 4. Plaintiff argues the Court may impose sanctions "for impeding delaying or frustrating the litigation" under Federal Rule of Civil Procedure Rule 37 (*Id.* at 2.)

First, Section 1915(a)(2) clearly provides that "prisoner[s] seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit [required by Section 1915(a)(1)] shall submit a certified copy of the trust fund statement" required to support their IFP applications, and that they may do so by "obtain[ing] [them] from the

---

[2] The Inmate Appeal (CDCR 602) form submitted by Plaintiff indicates that the grievance was related to "Case No. 2:21cv0637 TLM EFB"— a different case, filed in the United State District Court for the Eastern District of California. ECF No. 17 at 4.

3

appropriate official of [the] prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(1), (2). Indeed, California "[i]nmates shall be issued [trust] account statements upon their written request from the Trust Office that reflects [their] current balance, provided 90 days have elapsed since their previous request." Cal. Dept. Corr. & Rehab., Operations Manual § 54070.4 (2016) (emphasis added); see also 15 Cal. Code Reg. § 3133(c) (governing procedure for processing "Confidential Mail with Inmate Trust Account Withdrawals"). As discussed in this Court's July 27, 2021 Order, Plaintiff has not directly stated that he has complied with these regulations, and "[a]lthough it may take some time for the prison to [respond to Plaintiff's written request]," "each prison has a procedure" to ensure compliance with 28 U.S.C. Section 1915(a)(2). *Smith v. Escrow & Cnty. Treas.*, No. 1:07-cv-00636-AWI-GSA, 2008 WL 111074, at *1 (E.D. Cal. Jan. 9, 2008). Plaintiff must follow those procedures, and IFP Motions, accompanied by certified copies of inmate trust funds account statements, are filed by California state prisoners in this Court on an almost daily basis. "[U]tter noncompliance by prison officials in this [regard] is not a problem this Court has encountered before." *Id*. at *1.

  Second, the Court has no authority to compel unnamed prison trust account officials, none of whom have been served or named as parties in this matter, to provide trust account statements to Plaintiff or directly to the Court. *See Smith*, 2008 WL 111074 at *1 (finding Court had "no authority" to "compel the trust account office to complete [a prisoner's IFP] application."). Relatedly, the procedural rule on which Plaintiff relies, Federal Rule of Civil Procedure 37, provides methods for compelling compliance with discovery requests made at a later phase of the case, not prior to service of process. *See* Fed. R. Civ. P. 26(d)(1) (specifying that "[a] party may not seek discovery from any source" until holding the initial discovery planning conference required by Federal Rule of Civil Procedure 26(f)); *see also Bradford v. Bracamonte*, No. 3:20-CV-00213-WQH-WVG, 2020 WL 1984041, at *2–3 (S.D. Cal. Apr. 27, 2020) (denying Plaintiff's motion

///

///

to compel CDCR to provide the court with his trust account statement under Federal Rule of Civil Procedure 37 when motion was filed prior to service). Therefore, Plaintiff's Motion to Compel is denied.[3]

### IV. CONCLUSION

For the foregoing reasons, Bradford's "Objections" and "Motion to Compel" (ECF No. 17) are **DENIED.**

**IT IS SO ORDERED**.

Dated:  September 6, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[3] As discussed above, Plaintiff has filed an interlocutory appeal from the denial of his motion to proceed in forma pauperis. *See* ECF No. 11. An order otherwise not appealable "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). "[W]here an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal." *Long Beach Area Chamber of Commerce v. City of Long Beach*, 603 F.3d 684, 691 (9th Cir.2010) (quoting *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990)). This Court's denial of The Court's denial of Plaintiff's motion to proceed in forma pauperis—with leave to file a new in forma pauperis application along with a certified copy of his trust account statement—was an "order not otherwise appealable." 28 U.S.C. § 1292(b).